1

2

3

4

5

6

7

8                              IN THE UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MARK OWEN CLARK,

11              Petitioner,                        No. 2:08-cv-1798-GEB-JFM (HC)

12        vs.

13   JAMES HARTLEY,

14              Respondent.                        FINDINGS AND RECOMMENDATIONS

15   _____/

16              Petitioner is a state prisoner proceeding pro se with an application for a writ of

17   habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges a 2007 decision of the

18   California Board of Parole Hearings (Board) finding him unsuitable for parole.  This matter is

19   before the court on respondent's motion to dismiss this action on the grounds that petitioner

20   failed to exhaust his federal claims in the California Supreme Court and that this court lacks

21   jurisdiction over petitioner's state law claims.

22              Petitioner raises two claims in his petition.  In the first claim, petitioner contends

23   that the Board's decision violated his federal constitutional right to due process because there

24   was no evidence to support the decision.  In the second claim, petitioner contends that the

25   decision violated his rights under the state and federal constitutions because it was not supported

26   by a preponderance of evidence as required by California Penal Code § 3041(a).

1

1          The exhaustion of state court remedies is a prerequisite to the granting of a

2  petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must

3  be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).  A waiver of exhaustion,

4  thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by

5  providing the highest state court with a full and fair opportunity to consider all claims before

6  presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v.

7  Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

8          In support of the motion to dismiss, respondent has presented a copy of a

9  document filed by petitioner in the California Supreme Court and styled as a "Petition for

10  Review to Exhaust State Remedies."  Ex. 1 to Motion to Dismiss, filed October 31, 2008.  In that

11  petition, petitioner alleges that he is raising federal constitutional claims and he incorporates by

12  reference a petition for writ of habeas corpus "filed with the court below" and the memorandum

13  of points and authorities and exhibits submitted in support of that petition.  Ex. 1 at 4.  Neither

14  the petition nor the memorandum nor any exhibits are appended to the petition for review.

15  Petitioner does not allege in the petition for review that he is challenging the Board's decision as

16  unsupported by the evidence; he alleges only that the Board had "stated petitioner's crime was

17  carried out in a especially cruel, dispassionate, and callous manner; therefore petitioner 'would

18  pose an unreasonable risk of danger to society or a threat to public safety if released from prison'.

19  However, the Board did not state how petitioner is still currently an unreasonable risk of danger

20  to society."  Id.

21          The allegations of the petition for review are insufficient to exhaust the federal

22  due process claim in the instant petition.  This court finds that petitioner failed to exhaust state

23  court remedies with respect to that claim and it should therefore be dismissed without prejudice.[1]

24

25        [1] This court makes no findings with respect to respondent's contention that the petition
for review was not timely filed in the California Supreme Court, which petitioner disputes.

26  Resolution of that dispute is not necessary to the disposition of the instant motion.

1    California law gives rise to a liberty interest in parole that is protected by the due

2  process clause of the United States Constitution.  Biggs v. Terhune, 334 F.3d 910, 914 (9th Cir.

3  2003).  "In the parole context, the requirements of due process are satisfied if 'some evidence'

4  supports the decision.  McQuillion [v. Duncan], 306 F.3d [895,] . . . 904 [(9th Cir. 2002)];

5  Jancsek v. Oregon Bd. of Parole, 833 F.2d 1389 (9th Cir.1987) (adopting the "some evidence"

6  standard set forth by the Supreme Court in Superintendent v. Hill, 472 U.S. 445, 456, 105 S.Ct.

7  2768, 86 L.Ed.2d 356 (1985)).  'Additionally, the evidence underlying the board's decision must

8  have some indicia of reliability.' Jancsek, 833 F.2d at 1390."  Biggs at 915.

9    Petitioner's second claim for relief is not cognizable in these federal habeas

10  corpus proceedings, his citation to the United States Constitution notwithstanding, because the

11  federal due process clause does not require a parole decision to be supported by a preponderance

12  of evidence.  Respondent's motion to dismiss should be granted as to this claim.

13    In accordance with the above, IT IS HEREBY RECOMMENDED that:

14    1.  Respondent's October 31, 2008 motion to dismiss be granted;

15    2.  Petitioner's first claim for relief be dismissed without prejudice for failure to

16  exhaust state court remedies; and

17    3.  Petitioner's second claim for relief be dismissed for failure to state a federal

18  claim.

19    These findings and recommendations are submitted to the United States District

20  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

21  days after being served with these findings and recommendations, any party may file written

22  objections with the court and serve a copy on all parties.  Such a document should be captioned

23  "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that

24  /////

25  /////

26  /////

1  failure to file objections within the specified time may waive the right to appeal the District

2  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3  DATED: August 10, 2009.

4

5  _____
   UNITED STATES MAGISTRATE JUDGE

6

7  12
   clar1798.mtd
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26